IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. PATRICIA M. RICKER, Defendants. | Cause No. CR 03-112-GF-DLC-RKS **FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

## I. Synopsis

Ms. Ricker was charged with violating the conditions of her supervised release by using methamphetamine. She admitted using methamphetamine on two occasions. Ms. Ricker's supervised release should be revoked. She should be sentenced to six months imprisonment and 54 months of supervised release.

## II. Status

Ms. Ricker plead guilty to second degree murder on May 13, 2004. CD 53. She was sentenced on October 4, 2004, by the Honorable Sam E. Haddon, U.S. District Judge, to 121 months in the custody of the U.S. Bureau of Prisons, to be

1

followed by five years supervised release. CD 65. Ms. Ricker signed the terms of her supervised release on September 11, 2012.

**Petition**

The United States Probation Office filed a petition on February 20, 2013, requesting revocation of Ms. Ricker's supervised release. CD 66. The petition alleged that Ms. Ricker had violated the terms of her supervised release by using methamphetamine on four occasions.

The case was reassigned from Judge Haddon to the Hon. Dana L. Christensen, U.S. District Judge, on the day the petition was filed. Judge Christensen referred the case to the undersigned for findings and recommendations pursuant to Standing Order RFC-23.

Based on the petition, the undersigned issued an arrest warrant for Ms. Ricker on February 20, 2013. CD 67. Ms. Ricker was arrested on February 26, 2013. CD 68.

**Initial appearance**

Ms. Ricker made an initial appearance before the undersigned in Great Falls, Montana, on February 27, 2013. She was accompanied by Federal Defender Evangelo Arvanetes, but Federal Defender Anthony Gallagher was appointed as Ms. Ricker's attorney. The United States was represented by Assistant United

States Attorney Ryan Weldon. Ms. Ricker stated that she had read the petition and understood the accusations. She waived her right to a preliminary examination. CD 69.

Mr. Weldon asserted that the maximum term of imprisonment to which Ms. Ricker could be sentenced if her supervised release were revoked was 60 months, and Mr. Arvanetes agreed. A revocation hearing was scheduled for March 5, 2013. The government moved to have Ms. Ricker detained pending that hearing. Mr. Arvanetes did not object, and the undersigned ordered Ms. Ricker detained. CD 69.

**Revocation hearing**

Ms. Ricker was present with her attorney, Mr. Gallagher, at the revocation hearing in Great Falls on March 5, 2013. Assistant United States Attorney Laura Weiss was present on behalf of the United States. Mr. Gallagher and Ms. Weiss indicated their shared understanding that Ms. Ricker would admit to two instances of methamphetamine use, and the United States would not pursue the remaining two instances of alleged use. See CD 72.

Mr. Gallagher stated that Ms. Ricker consented to proceeding with the revocation hearing before a magistrate judge, and understood the Findings and Recommendations procedure. Ms. Ricker admitted to using methamphetamine on

3

December 14 and February 15, as alleged in the petition.

The undersigned found that Ms. Ricker's violation grade is C, her criminal history category is I, and the underlying offense is a Class A felony. Based on those criteria, the undersigned calculated that the statutory maximum sentence is five years of custody, supervised release, or a combination of the two. The United States Sentencing Guidelines call for 3 to 9 months imprisonment, to be followed by a term of supervised release that brings the total sentence up to 60 months. U.S. Guidelines Manual, Ch. 7. Ms. Weiss and Mr. Gallagher agreed with those calculations.

Mr. Gallagher requested that Ms. Ricker's sentence consist of the time she has already spent incarcerated (about two weeks), and an additional period of supervised release. Mr. Gallagher noted that Ms. Ricker has struggled with addiction and depression. Mr. Gallagher said that Ms. Ricker has successfully battled her addiction to alcohol, but now struggles with a methamphetamine addiction. Mr. Gallagher urged the court to impose community-based treatment, rather than incarceration, as a sentence. Alternatively, Mr. Gallagher requested a sentence divided between imprisonment and pre-release type community supervision.

Ms. Ricker addressed the court. She stated that she was sorry to be in court

again. She said that prior to her arrest for the supervised release violation, she had discussed addiction treatment with her parole officer, and still hoped to pursue treatment.

Ms. Weiss requested a sentence at the high end of the guideline range. Ms. Weiss stated that Ms. Ricker's probation officer had worked with Ms. Ricker in an attempt to help her comply with the terms of supervised release, but Ms. Ricker nevertheless failed to comply. Ms. Weiss argued that Ms. Ricker professes a commitment to complying with release terms, but has not backed up her words with action. In response to the undersign's inquiry, Ms. Weiss stated that a prison term at the high end of the guideline range would probably not be long enough for Ms. Ricker to obtain addiction treatment while incarcerated.

The undersigned took under advisement, and ordered Ms. Ricker detained pending further proceedings.

### III.  Analysis

Ms. Ricker should be sentenced to 6 months imprisonment, to be followed by 54 months supervised release. Ms. Ricker's two instances of methamphetamine use are a serious breach of her supervised release conditions, and a violation of the court's trust. The infraction suggests Ms. Ricker does not appreciate the seriousness of the conditions. A significant prison sentence may impress their

seriousness upon her. The maximum allowable period of supervised release is appropriate because Ms. Ricker has serious addiction issues that will be a long-term struggle for her. Supervision will provide some structure and oversight that – hopefully – will help her in that struggle, and will provide some protection to the community.

### IV. Conclusion

Ms. Ricker was informed at the revocation hearing that the undersigned would recommend revocation and a prison sentence to Judge Christensen, and that she would be informed of the specific recommended sentence via these Findings and Recommendations. The undersigned explained that Ms. Ricker may object to these Findings and Recommendations by filing objections withing 14 days of their issuance. The undersigned instructed Ms. Ricker that she has a right to appear and allocute before Judge Christensen, but must properly object to the Findings and Recommendations to preserve that right.

The undersigned **FINDS:**

1. Ms. Ricker violated Standard Condition #7 of her supervised release.

The undersigned **RECOMMENDS:**

1. The District Court enter the attached Judgment, revoking Ms. Ricker's supervised release and committing Ms. Ricker to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, to be followed by 54 months supervised release.

6

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Ricker may serve and file written objections to these Findings and Recommendations within 14 days of the date the Findings and Recommendations are entered, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated this 6th day of March, 2013,

/s/ Keith Strong
Keith Strong
United States Magistrate Judge