IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-03-112-GF-DLC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| PATRICIA M. RICKER, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Ricker of violating her conditions of supervised release by consuming alcohol on several occasions, failing to report for substance abuse treatment, and failing to report for substance abuse testing. Ms. Ricker admitted to the violations. Her supervised release should be revoked, and she should be sentenced to seven months in custody and forty-seven months of supervised release to follow.

## II. Status

On May 13, 2004, Ms. Ricker pleaded guilty to Second Degree Murder. On October 4, 2004, United States District Court Judge Sam Haddon sentenced her to 121 months in custody, followed by sixty months of supervised release. (Doc. 65.)

On April 1, 2013, the Chief United States District Judge for the District of

Montana Dana L. Christensen revoked Ms. Ricker's supervised release because she used methamphetamine on four occasions. Judge Christensen sentenced her to six months in custody followed by fifty-four months of supervised release. (Doc. 77.) Her current term of supervised release began on August 27, 2013.

**Petition**

On October 18, 2016, the United States Probation Office filed a petition asking the Court to revoke Ms. Rickers' supervised release. (Doc. 79.) The Probation Office accused her of violating her conditions of supervised release by consuming alcohol on several occasions, failing to report for substance abuse treatment, and failing to report for substance abuse testing. (*Id*.) Based on the petition, Judge Morris issued a warrant for Ms. Ricker's arrest. (Doc. 80.)

**Initial appearance**

On November 3, 2016, Ms. Ricker appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender David Ness accompanied her at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Ms. Ricker said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The Court continued the hearing in order to explore treatment options.

**Revocation hearing**

On November 15, 2016, Ms. Ricker appeared for her revocation hearing before the undersigned. Federal Defender Tony Gallagher accompanied her. She admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of his supervised release.

Ms. Ricker's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class A felony. She could be incarcerated for up to sixty months. She could be ordered to remain on supervised release for fifty-four months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence of time served, with supervised release to follow. Ms. Betley recommended a sentence in the high-end of the guideline range. Ms. Ricker exercised her right of allocution stating that she had just got out of a bad relationship that had caused her downward spiral and apologized for violating her conditions of supervised release.

### III.  Analysis

Ms. Ricker's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to seven months in custody and forty-seven months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be

greater than necessary.

## IV. Conclusion

Ms. Ricker was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Ms. Ricker's objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Patricia M. Ricker violated the conditions of her supervised release by consuming alcohol on several occasions, failing to report for substance abuse treatment, and failing to report for substance abuse testing.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Ms. Ricker's supervised release and committing her to the custody of the United States Bureau of Prisons for seven months with forty-seven months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

      Dated the16th day of November 2016.

_____
John Johnston
United States Magistrate Judge